IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID ALLEN LAVENDER, #419751 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19cv804 |
| | § | |
| DENTON M.H.M.R. | § | |

**ORDER OF DISMISSAL**

This case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation recommending that Plaintiff's lawsuit should be dismissed without prejudice for failing to prosecute his case when he did not pay the ordered initial partial filing fee of $1.45 (Dkt. #27). In response, Plaintiff filed a motion for relief from the burden of filing fees in which he reurged his motion to proceed *in forma pauperis* (Dkt. #28).

The Prisoner Litigation Reform Act requires that all prisoners pay filing fees in full even if paid in installments. 28 U.S.C. § 1915(b). A review of Plaintiff's case shows that his inmate trust account had a balance of $58.52 and an average monthly balance of $307.77 (Dkt. 13-1). Thus, Plaintiff should have been able to pay the ordered initial partial filing fee of $1.45. The Report and Recommendation was issued upon Plaintiff's failure to do so. When a plaintiff is no longer a prisoner, however, the full filing fee must be paid. Plaintiff revealed that he was no longer a prisoner when he reurged his motion for *in forma pauperis*. Thus, on November 16, 2020, the Court revoked Plaintiff's *in forma pauperis* status and ordered him to pay the full filing fee of $400.00 within thirty days (Dkt. #30). To date, Plaintiff has not paid the initial partial filing fee of $1.45, the full filing fee of $400.00, nor has he filed a response to the Court's latest order in the form of another motion or objections. Plaintiff continues in failing to prosecute his case. Fed. R. Civ. Proc. 41(b).

The exercise of the power to dismiss for failure to prosecute is committed to the sound

discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). Plaintiff has failed to prosecute his case; thus, it is appropriate to dismiss the action.

The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the case, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court. The Court additionally finds that Plaintiff continued in failing to prosecute his case following the Order issued on November 16, 2020, in which his motion for relief from the burden of filing fees was denied (Dkt. #30).

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED** this 23rd day of February, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE